(April 10, 1972)

■ HERMAN ALPERT, Respondent, v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant and Interpleading Plaintiff. HILDA B. ALPERT, Interpleaded Defendant-Appellant, et al., Interpleaded Defendant.— Appeal

by interpleaded defendant Hilda B. Alpert from (1) so much of an order of the Supreme Court, Queens County, dated September 23, 1971, as in part granted plaintiff's motion for summary judgment, i.e., to the extent of $30,000, representing the proceeds of an insurance policy on the life of appellant's husband, plus interest, costs and disbursements, and (2) from a judgment of the same court entered October 1, 1971 upon the order. Order reversed insofar as appealed from and judgment reversed, with $10 costs and disbursements, and plaintiff's motion for summary judgment denied in its entirety. This action was instituted to recover the proceeds of two policies issued by the defendant insurance company on the life of plaintiff's brother, Mitchell. Plaintiff was the named owner and beneficiary of both policies at the time of Mitchell's death in November, 1969. On one of the policies, in the amount of $40,000, the named beneficiary had originally been interpleaded defendant Bellmore Beer Distributors, Inc., a corporation owned by the two brothers. Plaintiff became the beneficiary of that policy shortly after the brothers sold their stock in the corporation in 1968. As to that policy, plaintiff's request for summary judgment was denied and he took no appeal. As to both policies, appellant contended in her interpleader answer and cross claim that the reason or purpose behind each brother being named the other's beneficiary no longer existed *after* the sale of the corporation and that her husband had indicated that he wanted her named as beneficiary, but the insurance company failed to effect the change. The proof offered by her as to this was far from convincing. However, in view of the fact that a trial is to be had as to the $40,000 policy, we think the interests of justice would best be served by having a full trial as to both policies. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.